[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on June 4, 1993 in Branford, Connecticut. By complaint dated November 21, 2001, the Wife instituted this action claiming a dissolution of marriage, joint custody of the minor child, a fair division of the property and debts, alimony, child support, and other relief as law and equity might provide. The Husband filed an Answer and Cross Complaint dated December 10, 2001, claiming a dissolution of marriage and other such relief as to justice and equity may appertain. One minor child was born issue of this marriage: Matthew T. Early, born August 11, 1993.
The Husband is age 51 and in good health. The Wife is age 50 and in good health.
The parties met when they both were very young. They lived together for 7 years before marrying. The Wife was pregnant when they married. By both of their testimonies, the marriage was not a good marriage from day one. The Wife knew that she had married an alcoholic, who had trouble holding a job. The Wife knew she had married a man who did not contribute financially to the marriage unless forced to do so, a man who has not admitted to this day that he had a drinking problem. The Husband also testified that the Wife was abusive to him, without going into details. The court finds that both parties are responsible for the breakdown of the marriage.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties.
 ORDERS DISSOLUTION OF MARRIAGE
CT Page 2117
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on February 10, 2003.
 CUSTODY/VISITATION
The parties have entered into an Agreement, which the court has approved, in regards to the custody and visitation of the minor child, dated January 27, 2003. The agreement is attached hereto and made a part hereof.
 CHILD SUPPORT
The Husband shall pay to the Wife the sum of $111.00 per week as child support for minor child, said sum being in compliance with the Child Support Guidelines. An immediate income withholding shall enter.
The obligations of support and maintenance of the minor child shall terminate as such child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first.
Notwithstanding that the child has reached the age of eighteen (18) years, if the child is a full-time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
As long as he is current on his child support payments, the Husband shall take the child as a dependent for income tax purposes in even numbered years and the Wife shall take the child as a dependent for income tax purposes in odd numbered years.
 POST-SECONDARY EDUCATION OF THE CHILD
The Parties have agreed that they have been fully advised by their respective attorneys regarding Public Act 02-128 and they are waiving their right to request an educational support order. They each realize that their waiver means that the court may not enter an educational support order at any time in the future.
 ALIMONY
CT Page 2118
The Wife is working 20 hours per week at the rate of $12.77 per hour. There is no reason, medical or otherwise, prohibiting her from working a 40 hour week. In fact, the Wife always worked, sometimes having two jobs at the same time and from her testimony, she was the one constant source of income for the family during entire length of this marriage. Therefore, the court finds that the Wife's gross earning capacity is $510.00 per week.
The Husband is working 40 hours per week earning $13.00 per hour, his gross income is $520.00 per week.
Therefore, since both parties are healthy and capable of supporting themselves and capable of meeting their own financial needs, neither party shall pay alimony to the other.
 MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
The Husband shall maintain, at his sole expense, the medical/dental insurance for the minor child, as long as it is available to him through his employment and at a reasonable cost, for as long as the Husband is obligated to pay child support for said child.
If no insurance is available to the Husband through his employment at a reasonable cost, the Wife shall maintain said insurance for the minor child if it is available to her through her employment and at a reasonable cost.
If neither party has insurance available to them at a reasonable cost, then the parties shall equally share the cost for such insurance for the child.
Pursuant to the Child Support Guidelines, the Husband shall pay 50% of the unreimbursed medical/dental expenses and the Wife shall pay 50% of same, after the Wife has paid the first $100.00 each year. The Wife shall not contract for any extraordinary expenses for the children without first consulting with the Husband except in case of emergencies.
The provisions of 46b-84 (e) shall apply.
 MEDICAL INSURANCE — WIFE AND HUSBAND
The Wife shall be responsible for her own medical insurance coverage. The Husband shall be responsible for his own medical insurance coverage.
 LIFE INSURANCE
CT Page 2119
The Husband shall maintain life insurance, as available to him through his employment, with the minor child as beneficiary, for as long as he is obligated to pay child support. The Husband shall provide proof to the Wife, annually, that said policy is in place and the minor child is named as beneficiary.
 PERSONAL PROPERTY
Each party shall retain all personal property presently in their possession.
 REAL PROPERTY
The parties are joint owners of property located at 140 Colony Street, Hamden, Connecticut. Said property was purchased from the proceeds of the sale of a condominium solely in the Wife's name, from monies supplied to her by her father.
Both parties testified as to the value of the property. The Wife valued the property at $150,000.00. The Husband valued the property at $165,000.00. The court finds that the testimony of the Husband is credible as to the value of the property with all the improvements.
There is a mortgage on the property, in both parties' names in the amount of $71,742.00
Therefore, there is equity in the property of $93,258.00.
The Wife is entitled to repayment of her contribution to the down payment on the purchase of the house, $50,000.00. Therefore, the remaining equity in the property is $43,258.00. This equity shall be divided equally between the parties, $21,629.00 each. However, the Husband shall reimburse the Wife $5,000.00 for his share of the marital debts. Therefore, the amount due to the Husband is $16,629.00.
The Wife shall pay to the Husband the sum of $16,629.00 within 30 days from the date of the dissolution of marriage. Upon payment to the Husband of said sum, the Husband shall transfer to the Wife, by Quit Claim Deed, all of his right title and interest in and to the property located at 140 Colony Street, Hamden, Connecticut. Thereafter, the Wife shall be solely responsible for the mortgage, taxes and insurance and all other costs associated with property and indemnify and hold the Husband harmless in regards to such expenses. CT Page 2120
 DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
 ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees.
 INCOME TAX RETURNS
The parties shall file separate income tax returns for the year 2003 and thereafter. In the past the parties have filed joint income tax returns. If there is any liability, cost, or penalty associated with the previous filings of joint income tax returns, the party responsible for the penalty shall be solely responsible for same and indemnify and hold the other party harmless from same.
 WIFE'S INHERITANCE
The Wife shall retain her inheritance, from her father's estate, free and clear of any claims by the Husband.
 BANK ACCOUNTS, 401K ACCOUNTS
Each party shall retain their respective bank accounts and 401K accounts, as listed on their financial affidavits.
 MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles, the Wife shall retain the Toyota and the Husband shall retain the Jeep. Both parties shall sign all necessary documents to effectuate this order.
 MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J. CT Page 2121